Weygandt, C. J.,
dissenting. The lower courts relied on the following decisions which the defendant insists are either distinguishable or should now be overruled.
In the syllabus in the case of Morgan v. Nolte, 37 Ohio St., 23, this court held:
“1. The only limitations to the creation of offenses by the General Assembly are the guaranties contained in the Bill of Rights.
“2. These guaranties are not infringed by Section 2108 of the Revised Statutes, which authorizes cities and villages to provide for the punishment of known thieves, pickpockets, watch stuffers, etc.
*84 “3. An ordinance under this statute, providing for the punishment of any known thief found in the municipality, is valid.”
And in the opinion it was said:
“In such cases the offense does not consist of particular acts, but in the mode of life, the habits and practices of the accused in respect to the character or traits which it is the object of the statute creating the offense to suppress.”
In the case of Welch v. Cleveland, 97 Ohio St., 311, the decision in the Nolle case, supra, was approved and followed.
And in the case of Youngstown v. Aiello, 156 Ohio St., 32, the decisions in the Nolle and Welch cases were approved and followed, and in the fifth paragraph of the syllabus it was held:
“5. The offense of ‘being a suspicious person’ does not consist of particular acts, but of a mode of life, the habits and practices of the accused in respect to the character or traits which it is the object of the ordinance creating the offense to suppress. (Morgan, Supt., v. Nolte, 37 Ohio St., 23, approved and followed.)”
Under the provisions of the ordinance in the instant case it was necessary to prove two facts concerning this defendant. The first was that she was a “prostitute, lewd woman, or any female inmate of a disorderly house. ’ ’ There is nothing in this language not completely understandable by an adult of normal intelligence.
Second, under the affidavit it was necessary to prove that the defendant was “found wandering about the streets.” Especially is the use of the word “wandering” criticised. However, the word is so frequently and generally used as to leave no doubt as to its meaning. In Webster’s Third New International Dictionary appears the definition, “to move about without a fixed course, aim or goal.” And in the Oxford Dictionary the word is defined to the same effect, “to move hither and thither without fixed course or certain aim; to be (in motion) without control or direction; to roam, ramble, go idly or restlessly about * * Hence, it is difficult to find a substantial basis for the defendant’s contention that under the provisions of this ordinance she is prohibited from being on the streets for even a legitimate purpose such as going to stores to purchase necessary food or clothing. Of course the defendant can not *85 be deprived of the right to be on the streets for a legitimate purpose such as going to stores to purchase necessary food and clothing, but under no concept of the word “wandering” could the defendant or any other reasonable person be misled into considering this as aimless moving about the streets with no definite destination or lawful purpose in mind.
In view of its presumptive constitutional validity, it would seem that the lower courts were correct in refusing to hold that the ordinance is “indefinite, restrictive and liberty depriving” in simply and plainly prohibiting a prostitute from going about public streets with no definite destination in mind and with no objective except to' violate the law by indulging in the crime of prostitution.
The judgment of conviction should be affirmed.